## ANONYMOUS.

The stat. of 1847, c. 13, entitled " An act additional to chapter eighty-nine of the Revised Statutes, respecting divorce," does not repeal the laws then in force on that subject; but merely gives further power to the Court, " to decree a divorce from the bond of matrimony," in cases not then " provided for by law."

The Court, therefore, have no power to decree a divorce, under the third provision of Rev. Stat. c. 89, § 2, or under Stat. 1847, c. 13, for the cause of desertion by one of the parties for a time less than " for the term of five successive years."

DURING the law circuit of 1848, libels for divorce were presented, in several of the counties, for the cause of desertion by one of the parties for a term of time less than five years; on the supposition, that the stat. of 1847, c. 13, authorized a decree of divorce for such cause.

The first of that description, which came before the Court, was sent to the county of Cumberland for the purpose of obtaining an order of notice thereon, returnable in another county.

On a subsequent day the Court refused to give the order of notice, remarking, that the stat. of 1847, c. 13, did not repeal the existing law on the subject of divorce, but merely gave additional power in relation thereto. As the facts alleged in this libel do not bring the case within the third provision of Rev. Stat. c. 89, § 2, and the statute of 1847, c. 13, only gives power to decree a divorce in cases not before " provided for by law," the Court could not decree a divorce, if the facts alleged were established at the hearing. The order of notice, therefore, could be productive only of useless expense.

In the other cases, the Court declined to grant a divorce for the cause alleged.